# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| DONALD RANKIN, | ) |
| Plaintiff, | ) |
| | ) No. 6:17-CV-03351-DGK-SSA |
| v. | ) |
| NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## **ORDER AFFIRMING THE COMMISSIONER'S DECISION**

This action seeks judicial review of the Acting Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Donald Rankin's applications for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of depressive disorder, personality disorder, schizophrenic disorder, general anxiety disorder, and a history of polysubstance dependence in full remission, but he retained the residual functional capacity ("RFC") to perform unskilled work as a bag loader and box bender.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### **Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed his applications on November 7, 2014, alleging a disability onset date of October 3, 2014. The Commissioner denied the applications at the initial claim level, and Plaintiff appealed the denials to an ALJ. The ALJ held a hearing and issued a decision on September 28, 2016, finding Plaintiff was not disabled.

On September 7, 2017, the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1383(c)(3).

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016). Substantial evidence is less than a preponderance, but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also supports an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or

medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff argues the ALJ erred at Step Four by failing to properly weigh his treating physician's opinion. Plaintiff contends the ALJ did not provide good reasons for giving no weight to her opinion.

Plaintiff's treating physician, Dr. Patricia Hogan, D.O., opined in a Medical Source Statement – Mental ("MSSM") form completed in April 2015 that Plaintiff was "moderately limited" in four categories of work-related functioning and "markedly limited" in sixteen others. R. at 333-34. The ALJ gave no weight to Dr. Hogan's opinion primarily because it was inconsistent with the evidence as a whole, including her own treatment notes, but also because Dr. Hogan spent little time with Plaintiff, the MSSM was a simple checkbox form containing no explanations or comments, and Dr. Hogan appeared to have completed it solely for litigation. R. at 21-22.

The ALJ must assign controlling weight to a treating physician's opinion if it is well-supported and consistent with other evidence in the record. 20 C.F.R §§ 404.1527(c)(2), 416.927(c)(2). In evaluating a medical opinion, the ALJ should consider the length, frequency, nature, and extent of the treatment relationship, supportability, consistency with the record as a whole, specialization of the treating source, and other factors supporting or contradicting the opinion. *Id.* If an ALJ discounts a treating physician's opinion, he must give "good reasons" for doing so. *Dolph v. Barnhart*, 308 F.3d 876, 878-79 (8th Cir. 2002).

---

medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g); 416.920(a)-(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

3

Here the ALJ gave good reasons. In fact, he devoted six pages of his opinion to carefully sifting through and analyzing the various medical opinions in the record and explaining his findings in detail, R. at 20-25, and these findings are supported by the record.

For example, the ALJ's finding that Dr. Hogan's opinion that Plaintiff remained markedly limited in a wide variety of areas of functioning was inconsistent with the rest of the record is supported by numerous sources in the record—including evaluations by Plaintiff's psychotherapist—showing Plaintiff was making significant progress during treatment. From June 2015 through June 2016, Plaintiff reported making progress in his treatment goals and did not report any hallucinations. R. at 350-65. But the MSSM, which was completed in April of 2015, does not reflect this progress; indeed, its conclusions are inconsistent with Dr. Hogan's own treatment notes, which describe Plaintiff's condition as "improving" in treatment records from November 2014 through March 2015. R. at 301, 326, 378, 381. Dr. Hogan stopped seeing Plaintiff after a year because he continued to improve with treatment. Since Dr. Hogan's opinion expressed in the MSSM is inconsistent with subsequent medical records, the ALJ did not err in giving it no weight. *See Julin v. Colvin*, 826 F.3d 1082, 1088 (8th Cir. 2016) (holding an ALJ may reject or give limited weight to the opinion of any medical expert if it is inconsistent with the record); *Toland v. Colvin*, 761 F.3d 931, 935-36 (8th Cir. 2014) (holding that when a treating physician includes limitations in a medical source statement that are not reflected in treatment notes or medical records, the inconsistency undermines the opinion and may diminish or eliminate the weight given to it).

The Court acknowledges that Plaintiff does have several, severe mental impairments that limit his ability to work,[2] and there is evidence in the record that would support awarding benefits.

---

[2] The ALJ accounted for these impairments by limiting him to jobs that require no more than simple work instructions, simple decisions, and a work setting that is predictable and easily explainable. R. at 20.

But where the record contains differing medical opinions, it is the ALJ's responsibility to resolve conflicts among them, not the courts. *See Finch v. Astrue*, 547 F.3d 933, 936 (8th Cir. 2008). Given the evidence on the record, the Court holds the ALJ's decision is supported by substantial evidence.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  September 18, 2018           /s/ Greg Kays
                                                                            GREG KAYS, CHIEF JUDGE
                                                                            UNITED STATES DISTRICT COURT